UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CURTIS HENRICHS, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:14-CV-2 |
| | § § | |
| NOVA BIOMEDICAL CORPORATION, | § § § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Defendant Nova Biomedical Corporation seeks to transfer this purported class action brought by a Texas resident to federal court in Florida, where an earlier filed lawsuit is pending. Resolution of this motion requires the Court to consider how the venue transfer statute, 28 U.S.C. § 1404, applies to class actions.

### I.  BACKGROUND

Nova, a Massachusetts company, manufactures blood glucose test strips. In 2013, the FDA recalled up to 62 million of the test strips in circulation due to the risk that they might "report a false, abnormally high blood glucose result." Docket Entry No. 1 at 1–2, 30. Henrichs, a Texas resident who purchased Nova's test strips, alleges that he relied on an inaccurate glucose reading and self-administered improper levels of insulin. He attempts to bring this case as a nationwide class action, primarily claiming that Nova fraudulently represented to consumers that the

strips were functional and safe.  *Id.* at 12–14.  Several months before Henrichs filed this suit, plaintiffs in Florida filed a class action against Nova in state court, which Nova removed to the Southern District of Florida.  The Florida suit alleges that the test strips were defectively manufactured.  Docket Entry No. 10-1 at 8–9.

Nova seeks a convenience transfer under section 1404, relying primarily on the first-to-file rule, a discretionary doctrine that allows courts to try related cases in the forum in which the first of those cases was filed.  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).[1]

## II.   VENUE TRANSFER ANALYSIS

Before the Court can consider whether Nova's first-to-file argument renders the Southern District of Florida a more convenient forum, it must decide a predicate issue: could this case have initially been brought in the Southern District of Florida? Convenience transfers are governed by 28 U.S.C. § 1404(a), which provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties

---

[1] This rule can also be invoked in a motion to dismiss or stay proceedings.  *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.") *id.* at 729 n.1 ("In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it.").  However, Nova has not sought a dismissal or stay based on the first-to-file rule; rather, it has only asserted that the rule warrants a transfer.  And because the Court concludes below that transfer is not permissible, it need not consider whether the lawsuits are sufficiently similar to invoke the doctrine.

have consented." The application of section 1404(a) is a two-part process. The court must first determine whether the venue to which transfer is sought is one in which the case could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), by weighing a number of private and public interest factors. *Volkswagen*, 371 F.3d at 203.

This Court has seen its share of motions to transfer venue, and almost all of them turn on the second step of the analysis. The first—whether suit could have initially been brought in the transferee district—is normally uncontroverted. *See, e.g.*, *Dominguez v. Black Elk Energy*, 2014 WL 637072, at *2 (S.D. Tex. Feb. 18, 2014) ("As a threshold matter, the Court finds that [plaintiff] could have originally filed this suit in the Eastern District of Louisiana" because the incident that gave rise to the lawsuit occurred there). Nova thought that first step would be just as simple in this case, making only a conclusory statement in its motion that "there is no dispute that this action 'might have been brought' in the Florida court, as required by the statute." Docket Entry No. 10 at 11.[2] Nova apparently assumed that because Henrichs seeks to represent a nationwide class, which would

---

[2] The Court gave the parties an opportunity to file supplemental briefs addressing this question, and in their response, Nova apparently conceded that the Court may only consider the named plaintiffs. *See* Docket Entry No. 32 at 4 ("Nova acknowledges the jurisdictional difficulty in transferring this matter notwithstanding Nova's consent").

undoubtedly include Plaintiffs residing in the Southern District of Florida, that venue would exist over this lawsuit in that forum.

But the "law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives." *Cook v. UBS Fin. Servs., Inc.*, 2006 WL 760284, at *6 n.2 (S.D.N.Y. May 21, 2006) (citing 7A Wright, Miller & Kane, FED. PRAC. & PROC. CIV. 3d § 1757 ("The general rule is that only the residence of the named parties is relevant for determining whether venue is proper.")); *see also Smith v. Burlington N. Santa Fe Ry. Co., Inc.*, 2006 WL 3192545, at *2 (D. Kans. Nov. 1, 2006) (collecting cases and noting that 'Plaintiffs' allegation that many potential members of the putative class performed trips in Kansas does not . . . make venue appropriate here."); *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003) (citing with approval *Bywaters v. United States*, 458 F.R.D. 458, 464–65 (E.D. Tex. 2000) for the proposition that "the relevant venue question in a class action is whether venue is proper as to the parties representing, and in effect standing in for the absent class members." (quotation marks and alterations omitted)). Courts may consider "allegations pertaining to the class as a whole in determining whether to transfer venue" on convenience grounds, but only after determining that venue as to the named plaintiff would have been proper in the transferee district. *Cook*, 2006 WL 760284 at *6 n.2; *see also Webb v. Settoon*

*Towing, LLC*, 2012 WL 5967962, at *4 (S.D. Tex. Nov. 28, 2012) (considering the convenience of the putative class at the second stage of the transfer analysis). This rule makes practical sense and corresponds with the plain language of the venue statutes.  At the venue transfer stage, no class has been certified.  Transferring a case based solely on the presence of potential future class members who could establish venue in the transferee forum would be problematic if class certification were later denied; the only remaining plaintiffs in the transferee court would be the named plaintiffs for whom venue was never proper.  And if venue could exist based on the status of prospective class members, a plaintiff could establish venue in just about any federal district by designating the case a nationwide class action.  It is thus for good reason that the venue statutes do not recognize an exception to the general rule that courts may consider only named parties when granting or denying a transfer motion; rather, "class actions utilize the same general and specific venue provisions that apply in all cases." NEWBERG ON CLASS ACTIONS § 6:36 (5th ed.).  Based on these clearly established principles, the Court may only consider whether Henrichs—not members of his potential class—could have brought suit in the Southern District of Florida.

With this understanding, the first step of the section 1404(a) transfer analysis becomes an easy question to resolve.  Venue is proper in "a judicial district in which any defendant resides," 28 U.S.C. § 1391(b)(1), or "a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred."[3]  28 U.S.C. § 1391(b)(2).  Neither condition is met.  First, the Southern District of Florida is not a district in which Nova resides.  A corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  But Nova is not subject to either general or specific jurisdiction in the Southern District of Florida when it comes to Henrichs's claims.  Corporations are only subject to general jurisdiction where they are "at home"—which is typically, though not exclusively, where they are incorporated or have their principal place of business.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011).  The Supreme Court recently reiterated the limited scope of general jurisdiction:

> *Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums.  Plaintiffs would have us look beyond the exemplar bases *Goodyear* identified, and approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'  That formulation, we hold, is unacceptably grasping."

*Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014) (citations omitted).  Nova is a Massachusetts corporation.  It has not argued, or provided any facts, indicating

---

[3] As the 2012 amendments to the venue statute makes clear, this suit could also be transferred to the Southern District of Florida with the consent of both parties.  28 U.S.C. 1404(a).  However, Henrichs has not consented to the Florida forum.  Docket Entry No. 32 at 2.

that it is subject to general jurisdiction in Florida under *Goodyear* and *Daimler*.

Neither is Nova subject to specific jurisdiction in Florida for Henrichs's case. Although the contacts required for specific jurisdiction are much less than those that are necessary to render a defendant "at home" for general jurisdiction purposes, the claims in a case must "arise out of or relate to" those contacts. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Henrichs purchased Nova's glucose test strips in Texas, relied on their results in Texas, and suffered alleged injuries in Texas. There is no but-for causal connection between the conduct that led to his particular claims and Florida. *See id.* at 1222–23 (explaining that at a minimum for specific jurisdiction, the "contact must be a 'but for' cause of the tort").

For the reason that specific jurisdiction does not exist in this case, venue is also improper under section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim" did not occur in the Southern District of Florida; rather, they occurred in the Southern District of Texas. And Nova's apparent waiver of these jurisdictional defects is irrelevant because "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the

plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); *see also U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 930 (E.D. Va. 2005) (citing *Hoffman*); *Goya Foods, Inc. v. Golla Oy*, 959 F. Supp. 2d 201, 204 n.3 (D. Puerto Rico 2013) (same). Nova thus cannot establish that venue would have initially been proper in the Southern District of Florida.

### III. CONCLUSION

The concerns of the first-to-file doctrine that Nova invokes—avoiding inconsistent rulings and forum manipulation—are important. But for the reasons discussed above, a venue transfer motion is not the proper vehicle for addressing them in this case. Defendant's Motion to Transfer Venue or, Alternatively, to Dismiss (Docket Entry No. 10) therefore is **DENIED IN PART** and **RESERVED IN PART**. The Court denies Nova's motion to transfer venue. The Court will rule on the pending motions to dismiss and strike class action allegations (Docket Entry Nos. 10, 11) at a later date.

**SIGNED** this 11th day of June, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.